*D. J. Haynes* and *Wells, Smith & Macon*, for plaintiff.

*L. C. Rockwell* and *J. B. Bissell*, for defendant.

---

## J. R. FREDERICKS AND THE LEWISBURG BUILDING ASSOCIATION *v.* CORCORAN AND RICHARDS.

1. DEED—MORTGAGE. Where a deed of realty, although absolute on its face, is in fact but a security for a loan, it is a mortgage, and the property is subject to the execution of a subsequent judgment creditor of the grantor.

2. EJECTMENT. The sheriff's vendee under such execution is entitled to recover in ejectment against the grantee in the original deed, without repayment of the loan.

The facts appear in the charge of the Court below, viz:

"This is an action of ejectment brought by James Corcoran and B. L. Richards against J. R. Fredericks and The Lewisburg Building Association, to recover a piece or parcel of land, situated in Wayne township, this county, which was formerly the property of J. R. Fredericks, one of the defendents. On the 9th day of April, 1871, Corcoran, Bubb & Co. obtained an award of arbitrators against J. R. Fredericks for $582.33, from which an appeal was taken to Court, and a trial had by jury, which resulted in a verdict in favor of the plaintiffs for the sum of $408.30. Judgment was entered on the verdict on the 18th day of October, 1876. Upon this judgment an execution was issued and the real estate in controversy in this action was levied upon by the sheriff and sold to Jas. Corcoran and B. L. Richards, the plaintiffs, to whom a deed was afterwards made by the sheriff, duly acknowledged and delivered. This is the plaintiffs' title, upon which they seek to recover in this action. If, at the time the judgment of Corcoran, Bubb & Co. was entered in the Court of Common Pleas in this county, J. R. Fredericks was in law, the owner of the real estate levied upon and sold, this judgment would become a lien upon said real estate, and the sheriff's sale would vest in the plaintiffs all the title which J. R. Fredericks then had, and the plaintiffs would be entitled to recover the land described in the writ. If at the time this judgment was entered J. R. Fredericks had no title in the land, but it was vested in the Lewisburg Building Association, this judgment would not be a lien upon it, and the sheriff's sale would convey no title, and the defendants would be entitled to your verdict. It seems from the evidence that the property in controversy was purchased by J. R. Fredericks, by articles of agreement, bearing date the 14th day of Juy, 1869, from one Thomas Karstetter, for the consideration of $800. Two hundred dollars to be paid down at the execution of the agreement, and the balance in payments as stipulated in the contract. On the 16th day of May, 1870, Fredericks assigned his interest in this article of agreement to the Lewisburg Building Association, one of the defendants, as collateral security for loans made by

said Association to Fredericks. At the time the assignment was made Fredericks had paid but $200 on the agreement, the balance of the purchase money was unpaid. One of the defendants is a Building Association doing buisness in Lewisburg, Union county, this State. It was incorporated under the laws of this State, regulating building associations, and was authorized by the terms of its charter to negotiate loans of money, and take securities on real estate. In pursuance of this authority it made a loan to J. R. Fredericks on the 16th day of May, 1870, at which time, and for which loan it took the assignment of the interest of J. R. Fredericks in the real estate, purchased of Thmoas Karstetter by articles of agreement, as collateral security. At the time the assignment was made, the legal title of this real estate was in Joel Karstetter, although Thomas Karstetter was the real owner of the property, and the articles of agreement between Fredericks and Thomas Karstetter provided that the deed was to be made by Joel Karstetter to Fredericks. On the 15th day of November, 1870, the Lewisburg Building Association paid out of the loan made to Fredericks, and for which the agreement was assigned as collateral security, to Thomas Karstetter of $100, on the 28th day of December, 1870, $200, and on the 11th day of April, 1871, the balance of the purchase money, to wit, $300, on which last named day the deed of Joel Karstetter to the Lewisburg Building Association for the land in controversy was delivered, thus vesting in the said Association the legal title for this real estate, and is the title under which the defendant, ' The Lewisburg Building Association,' claims it is entitled to hold the land as against the title exhibited by the plaintiffs. Besides the loan made by Fredericks from the Association on the 17th day of May, 1870, other loans were made by him, which, according to the exhibits made by the Association, amounted to $1,402, after the premiums were deducted. On the books given in evidence by the Association it appears Fredericks was charged with the loans made by him from the Association, and credited with the various payments made by him, among which are the payments made to Thomas Karstetter for this real estate, on account of the loans. It is claimed by the plaintiffs that at the time this article of agreement was assigned to the Lewisburg Building Association by Fredericks, and the deed was executed and delivered by

Karstetter to said Association, it was the understanding and agreement that the real estate was to be assigned and conveyed and held as collateral security to said Association for the loans made by Fredericks from said Association. That as soon as said loans were repaid, the Association was to re-convey the property to Fredericks. This is the testimony of Fredericks, and he is corroborated by the testimony of James, the secretary and acting officer of the Association.

"Upon this state of facts, the plaintiffs contend that their title, acquired under and by virtue of the sheriff's sale, must prevail against that of the Building Association, for the reason that in law the deed made to said Association by Karstetter was but a mortgage, and not having been recorded, and they not having had either actual or constructive notice of the character of the title held by said Association, it must be postponed to the title acquired under the judgment of Corcoran, Bubb & Co. Where a person receives a deed, absolute upon its face, but which was agreed and intended between the parties as a security for a debt, and the deed when recorded is not accompanied with the defeasance, it is to be considered an unrecorded mortgage, and cannot prevail against a title acquired under a judgment of later date. The effect of not placing upon record the nature and character of the transaction is to mislead and deceive the creditor, by creating the impression that the debtor has parted with his entire interest in the land, when in fact he has not. This the law will not permit, although as between the parties no fraud was intended, yet the law considers it a fraud upon creditors.

"We therefore say to the jury, that if they believe from the evidence in the case, that the assignment of the agreement by Fredericks, and the deed made subsequently by Karstetter to the Lewisburg Building Association, were made with the understanding and agreement at the time of the assignment and conveyance that the real estate was to be taken and held as collateral security for the loan made by the Association to Fredericks, and to be re-conveyed to Fredericks, when said loan was repaid, then the plaintiffs are entitled to recover in this action, and your verdict should be for the plaintiffs. If, however, you find from the evidence, that the deed from Karstetter to the Lewisburg Building Association was an absolute deed, that it was intended as a purchase from Karstetter, and that it was not taken as collateral se-

curity for a loan made to Fredericks, then your verdict should be for the defendant."

Verdict and judgment for plaintiffs.

Opinion by GORDON, J.           May 22, 1882.

This was an action of ejectment brought by Corcoran and Richards, the plaintiffs below, against Joseph R. Fredericks and the Lewisburg Building Association, for the recovery of the possession of certain property, in the writ described, situated in the township of Wayne, county of Clinton. The common grantor under whom both parties claim title, was Joel Karstetter, who, it seems, by articles agreement, dated July 14, 1869, bound himself to convey to Fredericks the land in controversy on payment by him of eight hundred dollars. The plaintiffs' claim is founded upon a sheriff's deed executed to them, in pursuance of a sale o f this property, regularly made on the 7th of May, 1880, upon a judgment of Corcoran, Bubb & Co. against Fredericks, entered to No. 314, February Term, 1874. The Building Association claimed under a deed made by Karstetter to it, dated April 11, 1874. To rebute the force of this defense the plaintiffs contended, that this deed had been executed to the Association, but as a trustee for Fredericks, and that was held by the company only as a pledge for money loaned by it to him, and that it thus held but a parol mortgage, which was of no force as against a subsequent judgment creditor. Undoubtedly if this be a correct statement of the facts of the case, the judgment now before us was well rendered.

In *Guthrie* v. *Kohle*, 10 Wr., 331, it was said by Mr. Justice Thompson, that it had been so often ruled, that the conveyance of land for purposes merely of securing the payment of money, was but a mortgage, that it had passed into an elementary principle, and no longer required the citation of authority to give it force. But that the Association did so hold the Karstetter deed, is, from the evidence, not a matter of doubt. On payment of the loan, Fredericks was entitled to a re-conveyance. This loan altogether amounted to two thousand dollars, and as part security, the articles of agreement with Karstetter were assigned to the lender of this money. Part of the sum thus borrowed was used to pay off the amount due on the articles, and the deed, which

72

took their place, was executed to the Association. But this deed was held, as was the previous security, subject to the borrower's right of redemption. Now, will anyone tell me what material difference it would have made in this transaction, had Fredericks taken the deed in his own name, and afterwards, for the same purpose of security, transferred it to the Building Association? Yet, beyond doubt, this would have been but a mortgage; a deed absolute on its face with a parol defeasance.

The important question is, how did the Association hold? As absolute owner? Certainly not; but merely as a pledgee. Just as soon as Fredericks paid, not the purchase money for the land, but the whole amount of the loan, out of which that purchase money was paid, he entitled himself to a return of his pledge. If this is not a mortgage it is hard to tell what would constitute one.

The learned counsel for the defense has contended with great earnestness, that, at all events, the Association was entitled to a verdict conditioned for the payment of the money which it paid to Karstetter for the legal title. And so, indeed, it would have been entitled, had it paid its own money to Karstetter; but it did nothing of the kind. It had in its hands two thousand dollars belonging to Fredericks, and out of that it paid the purchase money due to his vendor, and that the money thus in its hands was the proceeds of a loan made by itself to him, did not alter the legal *status* of the parties; the money was none the less Fredericks than if he had received it elsewhere, and put it into the hands of the company for payment to Karstetter.

As what we have said disposes of the principal contention of the defense, as apparent in all the assignments of error, we are relieved of the labor of treating them *seriatim.*

Judgment affirmed. —*Legal Intelligencer.*